IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| ) | |
| IN RE APPLICATION OF THE ) | |
| UNITED STATES OF AMERICA FOR ) | Case No. 23-mc- |
| AN ORDER PURSUANT TO ) | |
| 18 U.S.C. § 2703(d) ) | **Filed Under Seal** |
| ) | |

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel,

respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C.

§ 2703(d).  The proposed Order would require Meta Platforms, Inc., an entity that owns and

operates Facebook, a social media provider headquartered in Menlo Park, California to disclose

certain records and other information pertaining to the Facebook Account ID number

100087612436513 with email address mattnortheast@protonmail.com as described in Part I of

Attachment A. The records and other information to be disclosed are described in Part II of

Attachment A to the proposed Order.  In support of this application, the United States asserts:

### LEGAL BACKGROUND

1.      Meta Platforms, Inc. is a provider of an electronic communications service, as

defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. §

2711(2).  Accordingly, the United States may use a court order issued under § 2703(d) to require

Meta Platforms, Inc. to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. §

2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      This Court has jurisdiction to issue the proposed Order because it is "a court of

competent jurisdiction," as defined in 18 U.S.C. § 2711.  *See* 18 U.S.C. § 2703(d).  Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being

investigated.  *See* 18 U.S.C. § 2711(3)(A)(i).

3.      A court order under § 2703(d) "shall issue only if the governmental entity offers

specific and articulable facts showing that there are reasonable grounds to believe that the

contents of a wire or electronic communication, or the records or other information sought, are

relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly,

the next section of this application sets forth specific and articulable facts showing that there are

reasonable grounds to believe that the records and other information described in Part II of

Attachment A are relevant and material to an ongoing criminal investigation.

<u>THE RELEVANT FACTS</u>

4.      The United States is investigating a computer intrusion by an unauthorized

criminal actor (UCA) into the computer system of Entity A, a state government agency that

maintains vital records such as birth and death records. The investigation concerns possible

violations of, inter alia, Title 18, United States Code, Sections 1028A (Aggravated Identity

Theft), 1030 (Computer Fraud and Abuse), 1343 (Wire Fraud), and 1542 (False Statement in

Passport Application) (the "Subject Offenses").

5.      In September 2022, Entity A was the victim of a computer intrusion in which a

UCA gained unauthorized access to Entity A's computer network. The compromise, which

exploited a vulnerability in Entity A's website application, enabled the UCA to gain access to

servers storing New Hampshire's birth and death record databases. Once access to the network

was achieved, the UCA created fake birth and death records. The UCA also attempted to use

phishing emails to gain or regain access to the target systems.

6.      Suspicious and unauthorized activity continued from September 17, 2022, through at least January 17, 2023. Entity A, via its internal investigation conducted by a forensic consulting firm, identified a Proton AG VPN IP address connecting to Entity A's website on November 4, 2022, at 14:04 UTC. Access to Entity A's website from Proton VPN IP addresses and other anonymization technology increased significantly after November 4, 2022, and various anonymized and malicious IP addresses were later observed performing various malicious actions within Entity A's website.

7.      Among the malicious actions was the creation of a fake birth certificate in the name of Alexander Matthew Miller.  This birth certificate was later used by Alexander Mahn to apply for a passport in the name of Alexander Matthew Miller, discussed below.  Mahn was indicted on passport fraud and related charges and is currently detained pending trial.  The investigation determined that Mahn was in fact the UCA who accessed Entity A's computer network.

8.      On November 15, 2022, Mahn executed DS-11  U.S. passport application #696323951 at the Kimball Library in Atkinson, New Hampshire in the name of "Alexander Matthew Miller." At the time of execution, Mahn submitted New Hampshire state identification card #NHN15728663 issued November 10, 2022, and a student photo identification card from "Big Sky IT Enterprise Academy" as evidence of the Miller identity. As evidence of U.S. citizenship, Mahn submitted a New Hampshire birth certificate issued in Concord, New Hampshire on November 8, 2022, in the name of "Alexander Matthew Miller." Accompanying the application was a statement signed by "Alexander Matthew Miller," under the penalty of perjury, that he had never been issued a social security number by the Social Security Administration. Mahn's application was received by the National Passport Center on November

21, 2022. Andrew Mahn, utilized the Proton AG email address mattnortheast@protonmail.com on the "Alexander Matthew Miller" passport application.

9.      On November 12, 2022, email address mattnortheast@protonmail.com created Facebook account "Alexander Miller," with Facebook ID 100087612436513.

10.     On November 13, 2022, email address mattnortheast@protonmail.com created Twitter account "Alexand96627310" with display name "Alexander Miller," and Twitter account ID 1591765731473068033.

11.     Entity A discovered numerous other vital records created within their system, with some of these requests being requested and mailed across the country. Information contained in the Facebook and Twitter accounts created by the Mahn alias are relevant and material to both the investigation into the computer intrusion and passport fraud, but also in how Mahn monetized his intrusion and created vital records for others.

<u>REQUEST FOR ORDER</u>

12.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate individual(s) who are conspiring with Mahn to obtain fraudulent records, and to determine the nature and scope of their activities, as well the nature and scope of Mahn's actions using his alias. Accordingly, the United States requests that Meta Platforms, Inc. be directed to produce all items described in Part II of Attachment A to the proposed Order.

13.     The United States further requests that the Order require Meta Platforms, Inc. not to notify any person, including the subscribers or customers of the account(s) listed in Part I of

Attachment A, of the existence of the Order for a time period of 180 days. *See* 18 U.S.C. §

2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a

provider of electronic communications service or remote computing service to whom a warrant,

subpoena, or court order is directed, for such period as the court deems appropriate, not to notify

any other person of the existence of the warrant, subpoena, or court order." *Id.*  In this case, such

an order would be appropriate because the attached court order relates to an ongoing criminal

investigation that is neither public nor known to all of the targets of the investigation, and its

disclosure may alert the targets to the ongoing investigation.  This case involves the use of

aliases and computer hacking and the full scope of the conspiracy is unknown.  Accordingly,

there is reason to believe that notification of the existence of the attached court order will

seriously jeopardize the investigation or unduly delay a trial, including by giving targets an

opportunity to flee from prosecution, destroy or tamper with evidence, change patterns of

behavior, or intimidate or tamper with potential witnesses.

Respectfully submitted,

JANE E. YOUNG
United States Attorney


Dated: May 8, 2023                     /s/ John J. Kennedy
                                       John J. Kennedy
                                       Assistant United States Attorney
                                       53 Pleasant Street, 4th Floor
                                       Concord, NH 03301